# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# 5:23-cv-209-GCM

| | |
|---|---|
| MONTE LOVETTE HUDSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| DEPARTMENT OF ADULT CORRECTION, ) | |
| et al., ) | **ORDER** |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on initial review of the pro se Complaint [Doc. 1]. The Plaintiff is proceeding in forma pauperis. [Doc. 7].

## I. BACKGROUND

The incarcerated pro se Plaintiff filed the instant action pursuant to 42 U.S.C. § 1983 in the United States District Court for the Eastern District of North Carolina, complaining about incidents that allegedly occurred at the Alexander Correctional Institution. [Doc. 1]. On December 27, 2023, the action was transferred to this Court where venue is proper. [Doc. 29]. The Complaint is now before this Court for initial review.

The Plaintiff names as Defendants: the "Department of Adult Correctional;"[1] FNU Byrd, an Alexander CI intake sergeant; and "Alexander Correctional Officer's" intake staff.[2] [Doc. 1 at 1-4] (errors uncorrected). He essentially claims that he was erroneously transferred from

---

[1] It appears that the Plaintiff is attempting to name the North Carolina Department of Adult Corrections (NCDAC).

[2] The Plaintiff names the DAC in its official capacity, and the other Defendants in their official and individual capacities.

minimum custody at Scotland CI to Alexander CI, a racist and dangerous close custody facility, on August 17, 2023. He asserts claims for "Negligence, Wrongful Incarceration, Housing with inmates in wrong custody level, Threat to my life…." [Id. at 5]. As injury, he claims anxiety and fear of the close custody inmates with whom he was housed, the loss of privileges, and a "bogus" disciplinary charge for weapon possession. [Id. at 8]. For relief, the Plaintiff seeks an investigation, damages, "immunity" from being housed in close custody, and a jury trial.[3] [Id. at 7].

## II.    STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915A.

In its frivolity review, this Court must determine whether a complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

---

[3] Some of the relief that the Plaintiff seeks appears to be unavailable in this § 1983 action. For instance, to the extent that the Plaintiff seeks a transfer, this request appears to be moot insofar as the NCDAC's website indicates that, on November 28, 2023, the Plaintiff was transferred to Maury CI where he is a medium custody inmate. See Fed. R. Ev. 201; Incumaa v. Ozmint, 507 F.3d 281, 286-87 (4th Cir. 2007) ("the transfer of an inmate from a unit or location where he is subject to [a] challenged policy, practice, or condition, to a different unit or location where he is no longer subject to the challenged policy, practice, or condition moots his claims for injunctive and declaratory relief."). Further, his request for an investigation is outside the purview of this action. See generally DeShaney v. Winnebago County Dep't of Soc. Servs., 489 U.S. 189, 196 (1989) ("The Due Process Clauses generally confer no affirmative right to governmental aid, even where such aid may be necessary to secure life, liberty, or property interests of which the government itself may not deprive the individual."); see, e.g., Vinyard v. Wilson, 311 F.3d 1340, 1356 (11th Cir.2002) (arrestee had no constitutional right to internal investigation of excessive force claim).

Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed by a "person" acting under color of state law. See 42 U.S.C. § 1983; Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999); Health & Hosp. Corp. of Marion Cnty. v. Talevski, 599 U.S. 166 (2023).

The Plaintiff attempts to name the NCDAC as a Defendant. However, "neither a state nor its officials acting in their official capacities are 'persons' under § 1983." Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). Therefore, NCDAC is not a "person" under § 1983. See Fox v. Harwood, 2009 WL 1117890, at *1 (W.D.N.C. April 24, 2009). Plaintiff's claims against NCDAC are, therefore, dismissed with prejudice.

Plaintiff purports to sue Defendant Byrd and the "Alexander Correctional Officer's," who are state officials, in their individual and official capacities. However, "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." Will, 491 U.S. at 71. Because a state is not a "person" under § 1983, state officials acting in their official capacities cannot be sued for damages thereunder. Allen v. Cooper, No. 1:19-cv-794, 2019 WL 6255220, at *2 (M.D.N.C. Nov. 22, 2019). Furthermore, the Eleventh Amendment bars suits for monetary damages against the State of North Carolina and its various agencies. See Ballenger v. Owens, 352 F.3d 842, 844-45 (4th Cir. 2003). As such,

3

Plaintiff's claims against the Defendants in their official capacities for damages do not survive initial review and will be dismissed.

The Plaintiff also attempts to sue "Alexander Correctional Officer's" without naming the relevant individual(s). [Doc. 1 at 1, 3]. John Doe suits are permissible only against "real, but unidentified, defendants." Schiff v. Kennedy, 691 F.2d 196, 197 (4th Cir. 1982). The designation of a John Doe defendant is generally not favored in the federal courts; it is appropriate only when the identity of the alleged defendant is not known at the time the complaint is filed and the plaintiff is likely to be able to identify the defendant after further discovery. See Roper v. Grayson, 81 F.3d 124, 126 (10th Cir. 1996); Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980). "[I]f it does not appear that the true identity of an unnamed party can be discovered through discovery or through intervention by the court, the court could dismiss the action without prejudice." Schiff, 691 F.2d at 198 (footnote omitted). Here, the Plaintiff's allegations are vague and conclusory, and he has provided no information from which the Court can conclude that he would likely be able to identify specific intake Defendant(s) who allegedly violated his rights through discovery. Accordingly, his claims against "Alexander Correctional Officer's" are dismissed.

The Plaintiff's individual capacity claims against Defendant Byrd likewise fail initial review. The Plaintiff claims that: on August 17, 2023 he was transferred from minimum custody at Scotland CI to Alexander CI, a close custody facility; at intake, an officer told Plaintiff to hurry up, got angry, cuffed him, and placed him in a holding cell; another officer said "welcome to HELL;" Plaintiff received a "bogus" weapon charge for a haircutting razor-comb that was permitted in the minimum custody facility; "they" continued to threaten Plaintiff that he "wouldn't see minimum custody anymore;" and Alexander CI is a "redneck facility" that is run

by a warden who heads the local Ku Klux Klan, where "racism acts" and "beating on inmates" occur. [Doc. 1 at 6-7]. The Plaintiff is anxious about being harmed by other inmates, so he stays in his cell except for showering; he has lost his minimum-custody privileges; and "they" put a bogus weapons charge on him to ensure he would not regain a minimum custody level. [Id. at 8].

To establish liability under 42 U.S.C. § 1983, a plaintiff must show that the defendants "acted personally" to cause the alleged violation. See Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977) (citation omitted). As such, the doctrine of respondeat superior does not apply in actions brought under § 1983. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978). A supervisor can only be liable where (1) he knew that his subordinate "was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury;" (2) his response showed "deliberate indifference to or tacit authorization of the alleged offensive practices;" and (3) there was an "affirmative causal link" between her inaction and the constitutional injury." Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994) (internal quotation marks omitted).

The Plaintiff's allegations are so vague and conclusory that they fail to satisfy the most basic pleading requirements. See Fed. R. Civ. P. 8(a)(2) (requiring a "short and plain statement of the claim showing that the pleader is entitled to relief"); Simpson v. Welch, 900 F.2d 33, 35 (4th Cir. 1990) (conclusory allegations, unsupported by specific allegations of material fact are not sufficient); Dickson v. Microsoft Corp., 309 F.3d 193, 201-02 (4th Cir. 2002) (a pleader must allege facts, directly or indirectly, that support each element of the claim). The Plaintiff does not allege that Defendant Byrd acted personally to deprive him of any right, nor does he allege any facts that would support a plausible supervisory claim against him. Accordingly, the claims against Defendant Byrd are dismissed.

Moreover, to the extent that the Plaintiff is attempting to challenge the "bogus" disciplinary charge, this claim appears to be barred by Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, the United States Supreme Court held as follows:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction and sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

Id. at 485-87 (footnotes omitted). In Edwards v. Balisok, 520 U.S. 641 (1997), the Supreme Court extended the Heck rule to claims alleging constitutional deficiencies in prison disciplinary proceedings that have resulted in the loss of good time credits.

Here, if the Plaintiff were to prevail on his claim that the weapons charge was unfounded, such would necessarily imply the invalidity of the disciplinary conviction.[4] See, e.g., Edwards, 520 U.S. at 646-47 (plaintiff's claims that he was denied the opportunity to put on a defense and that there was deceit and bias by the hearing officer would necessarily imply the invalidity of the disciplinary proceedings); Moskos v. Hardee, 24 F.4th 289 (4th Cir. 2022) (prisoner could not bring § 1983 due process claim that prison officials fabricated evidence so that plaintiff would be

---

[4] The NCDAC's website reflects that the Plaintiff has a disciplinary infraction for "WEAPON POSSESSION" on August 17, 2023. See https://webapps.doc.state.nc.us/opi/viewoffenderinfractions.do?method=view&offenderID=0195463&listpage=1&listurl=pagelistoffendersearchresults&searchLastName=hudson&searchFirstName=monte&searchDOBRange=0&obscure=Y (last accessed Jan. 23, 2024); Fed. R. Ev. 201.

6

wrongfully convicted of prison disciplinary infractions, causing him to lose good-time credits, because the disciplinary conviction had not been invalidated). The Plaintiff, however, has not alleged that the disciplinary conviction has been reversed or otherwise invalidated. Therefore, to the extent that the Plaintiff is complaining about the "bogus" weapons charge, it appears to be barred by Heck.

## IV. CONCLUSION

For the foregoing reasons, the Court concludes that Plaintiff's Complaint fails initial review and it is dismissed without prejudice.

The Court will allow Plaintiff thirty (30) days to amend his Complaint, if he so chooses, to properly state a claim upon which relief can be granted in accordance with the terms of this Order. Any Amended Complaint will be subject to all timeliness and procedural requirements and will supersede the Complaint. Piecemeal amendment will not be permitted. Should Plaintiff fail to timely amend his Complaint in accordance with this Order, the Court will dismiss this action without further notice.

## ORDER

**IT IS, THEREFORE, ORDERED** that:

1. The Plaintiff's claims against NCDAC and the Plaintiff's official-capacity claims for damages are **DISMISSED WITH PREJUDICE**.
2. The remaining claims are **DISMISSED WITHOUT PREJUDICE**.
3. The Plaintiff shall have **thirty (30) days** in which to amend his Complaint in accordance with the terms of this Order. If Plaintiff fails to so amend his Complaint, the matter will be dismissed without further notice.

7

The Clerk is respectfully instructed to mail the Plaintiff a blank § 1983 complaint form and a copy of this Order.

Signed: January 24, 2024

Graham C. Mullen
United States District Judge